# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-30649

WILLIE LEE MOORE TONEY,

Petitioner–Appellee

v.

JAMES MILLER, Warden,

Respondent–Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-1111

Before JONES, Chief Judge, and PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Petitioner Willie Lee Moore Toney was convicted in Louisiana state court of two counts of robbery, and was sentenced to thirty-five years' imprisonment. The district court granted Toney's petition for a writ of habeas corpus under 28 U.S.C. § 2254, and ordered the state court either to retry Toney within 120 days or dismiss the charges.

The State appealed. The State filed a motion to stay the district court's order pending a ruling on the appeal, and we denied the motion. As the state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial court was preparing for a retrial, Toney and the State reached a plea agreement: Toney pled guilty to one count of robbery and received a sentence of ten years' imprisonment, with credit for time served. Toney had already been in prison for ten years, so he was released. The State dropped all other charges.

We ordered the State to file a brief addressing whether developments in state court had rendered this appeal moot. The State responded that this appeal is not moot because our decision either will require Toney to be "reincarcerated" or will adversely affect the State's "right" to punish Toney. We disagree. The State has already punished Toney; he has served ten years and has been released. The State has no further right to punish Toney for these charges, regardless of how we rule. The State seems to be saying that it can reach a plea agreement with a defendant, while at the same time pursuing an appeal which, if successful, will substitute a longer sentence in the place of the one defined in the plea agreement. This is simply not the way our criminal justice system works.

Because Toney pled guilty to one charge and the State dropped the other charges, there is no longer a live case or controversy. This appeal is moot, and any decision rendered by this Court would be an impermissible advisory opinion.[1] *See SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 406–07 (1972).

Accordingly, we DISMISS this appeal.

---

[1] Importantly, if Toney's initial conviction had stood, this case would not be moot simply because he had completed his sentence. The Supreme Court has recognized that even when incarceration is over, secondary or collateral harms caused by a criminal conviction are sufficient to prevent a case from being dismissed as moot. *Sibron v. New York*, 392 U.S. 40, 55 (1968). However, the concerns expressed by the *Sibron* Court are not present in this case because Toney pled guilty to the robbery.